1
2
3
4           UNITED STATES DISTRICT COURT
5             DISTRICT OF NEVADA
6                    * * *
7   MELINDA ROAQUE,                        Case No.2:22-CV-1979  JCM (BNW)
8                          Plaintiff(s),
                                                          ORDER
9        v.
10  WALMART, INC., et al.,
11                       Defendant(s).
12
13          Presently before the court is defendant Walmart, Inc.'s motion for summary judgment.
14  (ECF No. 13).  Plaintiff Melinda Roaque filed a response (ECF No. 14), to which Walmart replied
15  (ECF No. 15).   The court grants in part and denies in part Walmart's motion for summary
16  judgment.
17  **I.     Background**
18          This is a slip-and-fall premises liability case removed to federal court based on diversity
19  jurisdiction.  (ECF No. 1).  On February 2, 2021, Roaque fell while shopping at Walmart and
20  subsequently filed this case, alleging that she slipped in a foreign substance that Walmart failed to
21  remedy.  (ECF No. 1-2).  She brings claims for negligence; premises liability; negligence per se;
22  and negligent hiring, training, and supervising.  The parties do not dispute that Roaque fell at a
23  Walmart store located in Las Vegas, but many other facts are contested.  (*Compare* ECF No. 13,
24  *with* ECF No. 14).
25  **II.    Legal Standard**
26          Federal courts sitting in diversity apply the relevant state substantive law and federal
27  procedural law unless state law conflicts with a valid federal statute or procedural rule.  *E.g.*,
28  *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*,

304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).  The standards governing summary judgment are procedural, not substantive.  *See Cortez v. Skol*, 776 F.3d 1046, 1054 n.8 (9th Cir. 2015) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005)).

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Information may be considered at the summary judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

1    that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

2    versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

3         However, the nonmoving party cannot avoid summary judgment by relying solely on

4    conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

5    1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the

6    pleadings and set forth specific facts by producing competent evidence that shows a genuine issue

7    for trial. *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or

8    is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby,*

9    *Inc.*, 477 U.S. 242, 249–50 (1986).

10   **II.    Discussion**

11        Roaque alleged negligence and premises liability as two separate claims.  Walmart states

12   that her negligence claim is "based on premises liability" and treats the two as a single claim for

13   negligence. (*See* ECF No. 13, at 5–7).  Roaque appears to agree, analyzing her negligence claims

14   based on the "theory" of premises liability. (ECF No. 14, at 6).  The court therefore treats Roaque's

15   first and second claims as a single claim for negligence based on premises liability.

16        A prima facie case for negligence requires the plaintiff to show that (1) the defendant owed

17   the plaintiff a duty of care, (2) the defendant breached said duty, (3) the breach caused the

18   plaintiff's injury, and (4) the plaintiff was damaged. *Joynt v. Cal. Hotel & Casino*, 835 P.2d 799,

19   801 (Nev. 1992).  In Nevada, a business owes a duty to its patrons "to keep the premises in a

20   reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993).

21   This duty is triggered when there exists a temporary hazardous condition on the property, such as

22   a foreign substance on the floor. *Eldorado Club v. Graff*, 377 P.2d 174, 176 (Nev. 1962);

23   *Asmussen v. New Golden Hotel Co.*, 392 P.2d 49, 50 (Nev. 1964).

24        If the business's agent or employee caused the temporary hazardous condition, then

25   "liability may be found upon ordinary agency principles; respondeat superior is applicable, and

26   notice is imputed to the defendant." *Eldorado Club*, 377 P.2d at 175.  But if a third party caused

27   the temporary hazardous condition, the business is only liable if it had actual or constructive notice

28   of the hazard and failed to remedy it. *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).  The

1    business is charged with constructive notice of a hazardous condition if a reasonable inspection

2    would have revealed it.  *Twardowski v. Westward Ho Motels, Inc.*, 86 Nev. 784, 787, 476 P.2d

3    946, 947–948 (1970).

4         Walmart argues that Roaque has not produced any evidence that Walmart either caused the

5    alleged foreign substance to be on the floor or had actual notice of it prior to Roaque's fall.  (ECF

6    No. 13, at 6).  But Roaque provides the court with still images appearing to show a Walmart

7    employee[1] pointing at a spot on the floor in the store, wiping that same spot with a towel under her

8    foot, and Roaque falling on that same spot a few moments later.  (Pl.'s Exs. 2–5, ECF Nos. 14-2,

9    14-3, 14-4, 14-5).  Roaque argues that, even if Walmart did not cause the spill, there is sufficient

10   evidence to create a dispute of fact as to whether Walmart had actual notice of the spill and then

11   failed to adequately remedy it.  The court agrees.

12        Walmart argues that summary judgment is appropriate because the still images show its

13   employee *cleaning up* a spill; therefore, Roaque's later fall must have been caused by a different,

14   unrelated spill that it had no notice of.  (ECF No. 15, at 4).  Walmart also argues that its theory is

15   supported by surveillance footage showing several people walking through the same area, before

16   Roaque fell, without acknowledging or slipping on any spills.  (*Id.*).  Walmart has not provided

17   the court with this surveillance footage, nor has Walmart provided the court with evidence that

18   another spill occurred after the first one.

19        Although one of the still images appears to show a Walmart employee cleaning the floor,

20   it is a dispute of fact whether the floor was cleaned properly.  (Pl.'s Ex. 4, ECF No. 14-4).  Roaque

21   argues that "Walmart should have known that wiping up a spill with [one's] foot could leave

22   residue on the floor, latent to view by its customers."  (ECF No. 14, at 6).  A reasonable jury could

23   find that Walmart breached its duty of care by negligently cleaning a spill on the floor that later

24   caused Roaque to slip and fall.  Summary judgment is therefore not appropriate on Roaque's

25   negligence claim.

26        Regarding Roaque's third claim for negligence per se—negligence and negligence per se

27   are not separate causes of action but "are in reality only one cause of action."  *Cervantes v. Health*

28

---

[1] Walmart does not dispute that the person in the still images is its employee.

1   *Plan of Nevada, Inc.*, 263 P.3d 261, 264 n.4 (Nev. 2011).  "Negligence per se is only a method of

2   establishing the duty and breach elements of a negligence claim."  *Id.*  The court accordingly finds

3   that Roaque's third claim for negligence per se must be dismissed for not being a cognizable claim.

4   Walmart argues that Roaque has not presented any evidence to establish negligence per se, and

5   Roaque agrees.  (ECF No. 13, at 7–8; ECF No. 14, at 10).  The court therefore also finds that

6   Roaque's general negligence claim is not entitled to a negligence per se theory of liability, under

7   LR 7-2(d).

8       Finally, the court addresses Roaque's fourth claim for negligent hiring, training, and

9   supervision.  An employer "has a duty to use reasonable care in the training, supervision, and

10  retention of its employees to make sure that the employees are fit for their positions."  *Freeman*

11  *Expositions, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 520 P.3d 803, 811 (Nev. 2022)

12  (cleaned up) (citations omitted).  To establish a claim for negligent training or supervision, a

13  plaintiff must show: (1) that the defendant owed a duty of care to her, (2) the defendant breached

14  that duty by not using reasonable care in training and supervising its employees to ensure that they

15  are fit for their positions, (3) causation, and (4) damages.  *Id.* 812–13 (citations omitted); *Hall v.*

16  *SSF, Inc.*, 930 P.2d 94, 99 (Nev. 1996).

17      Walmart avers that Roaque has not presented any evidence that it was negligent in training

18  and supervising its employees.  (ECF No. 13, at 8).  The court agrees with Walmart.  As Roaque

19  points out in her response, Walmart employees are trained to "carry orange absorbent pads in their

20  pockets" to clean up any spills they encounter, to place caution cones around perceived hazards,

21  and to "never leave the area once a hazard is identified."  (ECF No. 18, at 8).  Roaque has presented

22  no evidence, and cited no legal authority, that Walmart negligently supervised or trained its

23  employees.

24      The gravamen of a negligent training claim is whether the employer (in this case, Walmart)

25  caused the plaintiff's injuries by negligently managing its employees.  *Freeman Expositions, LLC*,

26  520 P.3d 803 at 812.  "An employee's wrongful behavior *does not in and of itself* give rise to a

27  claim for negligent training and supervision."  *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021,

28  1028 (D. Nev. 2013) (emphasis added).  "[T]here must also be evidence that the employer was

negligent in ensuring [the employee's] fitness for the position." *Borenstein v. Animal Found.*, 526 F. Supp. 3d 820, 839 (D. Nev. 2021).  The court therefore grants summary judgment in favor of Walmart on Roaque's final claim for negligent training and supervision.

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Walmart, Inc.'s motion for summary judgment (ECF No. 13) is GRANTED in part and DENIED in part.  Summary judgment is GRANTED in favor of Walmart, Inc. on plaintiff Melinda Roaque's fourth claim for negligent hiring, training, and supervision ONLY.  The court DISMISSES Roaque's third claim for negligence per se.  The case proceeds on Roaque's remaining claim for negligence based on premises liability.

DATED June 5, 2024.

_____
UNITED STATES DISTRICT JUDGE